IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                        Case Nos.: 3:95cr3039/RV
                                                                      3:11cv500/RV/EMT
VONSHAY STALLWORTH,

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (doc. 438), the "Government's Response to Successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. Section 2255" (doc. 445), and Defendant's reply to the Government's response to his motion to vacate (doc. 449).

Defendant was sentenced to a term of 360 months imprisonment for controlled substance violations on November 1, 1995 (docs. 187, 188). His conviction and sentence were affirmed on appeal in August of 1997 (doc. 273). He filed a motion to vacate pursuant to 28 U.S.C. § 2255 in March of 2002 (doc. 322), and this motion was denied as untimely (docs. 323, 325). His request for a certificate of appealability was denied, and his appeal was dismissed (docs. 327, 344, 346). Defendant later filed a motion to reduce his sentence based on the retroactive application of the sentencing guidelines to crack cocaine offenses (doc. 401), and this motion was denied (docs. 410, 417). Defendant appealed, but his appeal was dismissed for failure to prosecute in January of 2009 (doc. 433). Defendant filed nothing further until filing the instant motion to vacate, which was received and docketed by the clerk on October 17, 2011 (doc. 438).

In the motion currently before the court, Defendant argues that in light of the Supreme Court's decision in Carachuri–Rosendo v. Holder, 130 S. Ct. 2577, 177 L. Ed. 2d 68 (June 14, 2010), his prior convictions can no longer be classified as felonies for enhancement purposes (doc.

438 at 4). Although Carachuri-Rosendo was decided in June of 2010, Defendant asserts that he could not have raised this issue until the Eleventh Circuit's decision on July 14, 2011, in Stewart v. United States, 646 F.3d. 856 (11th Cir. 2011). He also claims that, despite having filed an earlier 2255 motion, the instant motion is not "successive" because it is based on the aforementioned two cases (doc. 438 at 11).[1] Because Defendant argues, essentially, that he is not constrained by section 2255's limitation on second or successive motions, the Government was directed to respond. The Government now argues that neither case affords Defendant the opportunity to circumvent the procedural limitations of § 2255, and that his motion must be denied.

It is well established that before a second or successive application for § 2255 relief is filed in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. Appx. 409 (11th Cir. 2010). The term "second" is a term of art, however. In Stewart v. United States, *supra*, the Eleventh Circuit found that a second motion for postconviction relief was not, in fact, "second or successive" as the term is understood in the context of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because the later filed motion was based on an event—the vacatur of state court convictions—that did not occur until after the initial § 2255 motion had been denied.

In the case at bar, Defendant relies on Carachuri-Rosendo to support his argument that his criminal history was improperly calculated. His assertion that he is entitled to relief fails. The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). The Court has not declared its decision in Carachuri–Rosendo, which arose under the Immigration and Nationality Act, to be a "new rule" of constitutional law that is retroactively applicable. *See* Gaytan-Gonzalez v. Benov, 2012 WL 28625, at *2 (E.D. Cal. Jan. 5, 2012) (finding Carachuri-Rosendo not retroactively applicable on collateral review); Stewart v. Warden, FCC

---

[1] Defendant also argues that counsel was constitutionally ineffective for his failure to argue that the court did not have jurisdiction to impose an enhanced sentence (doc. 438 at 5). Because of the court's finding that his motion is successive, this claim will not be addressed.

Case Nos.: 3:95cr3039/RV; 3:11cv500/EMT

Coleman-Low, 2011 WL 6004594 (M.D. Fla. 2011) (same, citing unreported cases that have also so held); Gaddy v. United States, 2011 WL 7021140 (N.D.W. Va. 2011) (same; also noting that even if Carachuri-Rosendo was retroactively applicable on collateral review, a timely-filed motion based on this case must have been filed on or before June 14, 2011). Thus, Carachuri-Rosendo is not applicable to Defendant's case.

Even if Carachuri-Rosendo were retroactively applicable, Defendant's motion would be time barred. Defendant contends in his reply that he brings his motion pursuant to 28 U.S.C. § 2255(f)(4), based on a "new fact" that was not previously available. If in fact the Supreme Court's decision in Carachuri-Rosendo can be construed as such a "new fact," the court notes that it was decided on June 14, 2010, and that Defendant's motion, signed on October 11, 2011, was not filed within one year from the date of the Supreme Court's decision. The motion is thus untimely under § 2255(f).

In this vein, Defendant appears to try to excuse the untimely filing by claiming that the retroactivity of Carachuri-Rosendo was not established until July of 2011 when Stewart was decided. Again he is mistaken. Title 28 U.S.C. § 2255(h)(2) requires that, in order to support a second or successive motion, a new rule of constitutional law must be "made retroactive to cases on collateral review ***by the Supreme Court***" (emphasis added). Thus, Stewart, a mid-level appellate decision, did not operate to make Carachuri-Rosendo retroactive. *See* Tyler, 533 U.S. at 663.

Lastly, to the extent Defendant attempts to argue that his claim is one in a "small subset of unavailable claims that must not be categorized as successive," *see* Stewart, 646 F.3d at 863 (citing Leal-Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009)), he is again mistaken. In Stewart, the court held that when a second motion to vacate is filed on the basis of information that did not exist at the time the first motion was filed, the second motion is not "second or successive." In Stewart, however, the basis for the second motion—an order vacating prior convictions—did not exist. 646 F.3d at 863. The court distinguished the *basis* for the motion from the *facts* indicating that there might be flaws in the underlying Georgia convictions. Stewart is further distinguishable from Defendant's case, however, because in Stewart the underlying convictions were actually vacated, although there is no evidence of that here.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 438), be **DENIED and DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent permission from the Eleventh Circuit.

At Pensacola, Florida, this 26th day of January, 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 3:95cr3039/RV; 3:11cv500/EMT